**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------- x
JESSICA RECHTSCHAFFER,                                                  x
                           Plaintiff,                       x
                                         x
     -against-                                                         x
                                          x  **COMPLAINT**
THE CITY OF NEW YORK, a municipal entity;                              x  **JURY TRIAL**
York; ORLANDO RIVERA, New York City                                    x  **DEMANDED**
Police Officer, Shield No. 25912; JOHN PARK, New                       x
York City Police Officer, Shield No. 20166; MICHAEL                    x
CUMMINGS, Det. Shield No. 254, New York City Police                    x
Officer; JOHN DOE 1, New York City Police Officer                      x
U/C Shield No. 6216, Intelligence Bureau, Special                      x
Services Unit; JOHN DOES 2-10, New York City Police                    x
Officers, Supervisors, and/or Commanders; individually                 x
and in their official capacity,                                        x
                                          x
                         Defendants.                    x
---------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

      1.      This is a civil rights action in which plaintiff, JESSICA RECHTSCHAFFER, seeks

relief for defendants' violation, under color of state law, of her rights, privileges and immunities

secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, the First, Fourth and Fourteenth

Amendments to the United States Constitution, and the Constitution and laws of the State of New

York, during the Republican National Convention in New York City in 2004 ("the RNC").

      2.      Defendants, THE CITY OF NEW YORK, a municipal entity; ORLANDO RIVERA,

New York City Police Officer, Shield No. 25912; JOHN PARK, Shield No. 20166, New York City

Police Officer; MICHAEL CUMMINGS, New York City Police Detective; JOHN DOE 1, New

York City Undercover Police Officer, U/C Shield No. 6216, Intelligence Bureau, Special Services

1

Unit; JOHN DOES 2-10, New York City Police Officers, Supervisors, and/or Commanders, acting individually and in their official capacities, jointly and severally, did cause JESSICA RECHTSCHAFFER to falsely arrested; subject to excessive and unreasonable force; deprived of liberty without due process of law; and maliciously prosecuted, *inter alia.*

3.     Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of attorneys fees and costs, and such other and further relief as the Court deems proper.

## JURISDICTION

4.     Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 (3) and (4), as this action seeks redress for the violation of plaintiff's constitutional and civil rights.

5.     Plaintiff's claim for declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

6.     Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

7.     Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (b)(2), in that this is the judicial district in which the events giving rise to the claim occurred.

## JURY DEMAND

8.     Plaintiff demands a trial by jury in this action on each and every one of her claims.

## PARTIES

2

9.     Plaintiff, JESSICA RECHTSCHAFFER, is a citizen and resident of New York.

10.     Defendant CITY OF NEW YORK ("the City") is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

11.     Defendant ORLANDO RIVERA is, or was at all times relevant to this complaint, a police officer employed by the NYPD. He is sued individually and in his official capacity.

12.     Defendant JOHN PARK is, or was at all times relevant to this complaint, a police officer employed by the NYPD. He is sued individually and in his official capacity.

13.     Defendant MICHAEL CUMMINGS is, or was at all times relevant to this complaint, a police officer employed by the NYPD. He is sued individually and in his official capacity.

14.     Defendant JOHN DOE 1, U/C Shield No. 6216 is, or was at all times relevant to this complaint, a police officer employed by the NYPD.  The identity of JOHN DOE 1, who as of August 29, 2004, was assigned to the Intelligence Bureau, Special Services Unit, is known to defendant City of New York and the New York City Police Department, as well as, on information and belief, defendants ORLANDO RIVERA and/or JOHN PARK and/or one or more of the defendants JOHN DOES 2-10.

15.     JOHN DOES 2-10 include individuals, known to defendant City of New York and the New York City Police Department, as well as, on information and belief, defendants ORLANDO RIVERA and/or JOHN PARK and/or defendant JOHN DOE 1.  JOHN DOES 2-10 are, or at all times relevant to the complaint were, police officers, supervisors, and/or commanders in the NYPD,

3

and include individuals who assisted and/or conpired to and/or acted in concert to and/or did engage in the violations of plaintiff's rights described herein.

16.     Defendants RIVERA, PARK, CUMMINGS, JOHN DOE 1, and JOHN DOES 2-10, (collectively, "the individual defendants") are, or at all times relevant to the complaint were, employees, agents, servants, and/or officers of the City of New York and/or the NYPD.

17.     At all times relevant herein, each of the individual defendants acted under color of law in the course and scope of his duties and functions as an agent, employee, servant, and/or officer of the City and/or the NYPD in engaging in the conduct described herein.

18.     At all times relevant herein, the individual defendants have acted for and on behalf of the City and/or the NYPD with the power and authority vested in them as officers, agents, servants, and/or employees of the City and/or the NYPD, and incidental to the lawful pursuit of their duties as officers, agents, servants, and/or employees of the City and/or the NYPD.

19.     At all times relevant herein, the individual defendants violated clearly established constitutional standards under the First, Fourth, and Fourteenth Amendments of which a reasonable police officer and/or public official under his respective circumstances would have known.

## FACTS APPLICABLE TO ALL CLAIMS

20.     At or around 2:30 p.m. on August 29, 2004, plaintiff, JESSICA RECHTSCHAFFER, was lawfully present on the 34th Street between 6th and 7th Avenues in Manhattan.

21.     RECHTSCHAFFER was engaging in lawful, peaceable protest against the Republican National Convention and the policies of the president and his administration.

22.     At or about the aforesaid time and place, RECHTCHAFFER did observe members of the NYPD beating an individual, and did verbally protest the police violence.

4

23.    At no time did RECHTSCHAFFER violate any law, regulation, or ordinance, or any order of a police officer.

24.    At no time did RECHTSCHAFFER interfere with any police officer or police operations, or engage in any conduct that could reasonably be construed as endangering or threatening any police officer or other individual.

25.    Notwithstanding the absence of probable cause or reasonable suspicion to believe plaintiff had committed any crime or offense, and based in whole or in part on plaintiff's having protested the police violence she had witnessed, one of the individual defendants grabbed RECHTSCHAFFER from behind and pushed her to the ground.

26.    Plaintiff was pinned to the ground and handcuffed by one or more of the individual defendants.

27.    One or more of the individual defendants did also mace plaintiff after she was secured, despite the fact that plaintiff was not and had not engaged in any conduct that could reasonably be construed as endangering or threatening any police officer or other individual, nor was she resisting arrest.

28.    Several other individual defendants did assist and/or did act in concert in the foregoing assaultive and wrongful conduct, or did fail to intervene to stop the foregoing violations of plaintiff's constitutional rights.

29.    The use of force described in the preceding paragraphs was objectively unreasonable in light of the circumstances then and there prevailing, and as such constituted excessive force directed against plaintiff's person, and did cause her injury.

30.    Plaintiff was transported to Pier 57, where she was held in filthy conditions for many

5

hours.

31.     Plaintiff was eventually transported to 100 Centre Street, where she was arraigned at approximately 6 p.m. on August 30, and released on bail at approximately 11 p.m. that night.

32.     At her arraignment, plaintiff was charged with Assault in the First Degree, Assault on a Peace Officer, Police Officer, Fireman or EMS Professional, Reckless Endangerment in the First Degree, Hindering Prosecution in the Second Degree, Riot in the First Degree, Resisting Arrest, and Obstructing Governmental Administration in the Second Degree.

33.     Plaintiff pleaded not guilty to all of the charges, which were false and falsely sworn to by defendant ORLANDO RIVERA, based on false information provided by defendant JOHN DOE 1 and JOHN PARK, and, on information and belief, one or more of the defendants MICHAEL CUMMINGS and JOHN DOES 2-10, and were initiated and continued maliciously and without probable cause, in order to cover up the wrongful conduct of defendants.

34.     Plaintiff was subsequently indicted by a grand jury for Riot in the Second Degree, Reckless Endangerment in the Second Degree, Obstructing Governmental Administration in the Second Degree, Resisting Arrest, and Hindering Prosecution in the Third Degree, based on the willfully false testimony of one or more of the individual defendants.

35.     At her arraignment upon the indictment, plaintiff pleaded not guilty to all of the charges, which were initiated and continued maliciously and without probable cause, in order to cover up the wrongful conduct of defendants.

36.     After many months and multiple court visits that required plaintiff to miss work, all of the charges were eventually dismissed because, on information and belief, the District Attorney realized that the charges were based on false statements and testimony of one or more of the

6

individual defendants.

37.    The individual defendants' acts and omissions described above were intentional, wanton, willful and malicious, and were performed with deliberate indifference and/or in reckless disregard of RECHTSCHAFFER's constitutional rights, entitling plaintiff to punitive damages.

38.    As a direct and proximate result of the foregoing actions, RECHTSCHAFFER has suffered physical injury, pain, and suffering, mental anguish, embarrassment, humiliation, and emotional distress, deprivation of liberty, and loss of income and other expenses.

## FEDERAL CLAIMS

39.    Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 38 as if fully set forth herein.

40.    The acts and conduct described above did violate RECHTSCHAFFER'S rights

(a)    not to be deprived of liberty without due process of law;
(b)    to be free from unreasonable search and seizure;
(c)    not to be subjected to excessive or unreasonable use of force;
(d)    to be free from false arrest, imprisonment, and unjustified detention;
(e)    not to be detained in cruel and inhumane conditions
(f)    not to be detained for an excessive period of time
(g)    to be free from malicious prosecution;
(h)    to engage in speech, peaceable assembly, and association
(i)    to be free from conspiracy to violate her federally protected rights,

all in violation of the First, Fourth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

41.    As a result of the acts and conduct of the defendants complained of herein, plaintiff RECHTSCHAFFER has suffered physical injury, pain, and suffering, mental anguish, embarrassment, humiliation, and emotional distress, deprivation of liberty and property, and loss of income and other expenses.

7

## STATE CLAIMS

42.     Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 41 as if fully set forth herein.

43.     The acts and conduct of the defendants constitute assault and battery, false arrest and imprisonment, malicious prosecution, abuse of process, negligence and gross negligence, negligence in training, hiring, and supervision, and conspiracy, under the laws of the State of New York.  These acts and conduct also violated  RECHTSCHAFFER's rights under Article I, §§ 6, 8 and 12 of the Constitution of the State of New York.

44.     Defendant CITY OF NEW YORK is liable for the actions of the individual defendants under the doctrine of respondeat superior.

45.     As a result of the acts and conduct of the defendants complained of herein, RECHTSCHAFFER has suffered physical injury, pain, and suffering, mental anguish, embarrassment, humiliation, and emotional distress, deprivation of liberty and property, and loss of income and other expenses.

46.     Plaintiff served a notice of claim upon defendant CITY OF NEW YORK within 90 days of the incident and has otherwise complied with the statutory requirements of the General Municipal Law of the State of New York.  Although more than 30 days have elapsed since service of the notice and since plaintiff's 50-h hearing, this defendant has neglected to adjust or pay such claim.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all defendants:

(a)  a declaration that defendants violated the federal rights of plaintiff;

8

(b)  compensatory damages for physical, emotional, and economic injuries suffered by plaintiff by reason of defendants' unlawful and unjustified conduct, in an amount just and reasonable and in conformity with the evidence at trial;

(c)  punitive damages against the individual defendants to the extent allowable by law;

(d)  attorneys fees;

(e)  the costs and disbursements of this action; and

(f)  such other and further relief as appears just and proper.


Dated:        New York, New York
              November 22, 2005

                              _____/s/_____
                              JONATHAN C. MOORE (JM 6902)
                              WILLIAM H. GOODMAN (WG1241)
                              DAVID MILTON (DM 1853)
                              MOORE & GOODMAN, LLP
                              99 Park Avenue, Suite 1600
                              New York, New York 10016
                              (212) 353-9587

                              *Attorneys for the Plaintiff*