UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
JESSICA RECHTSCHAFFER,

                            Plaintiff,                        **ANSWER**

                -versus-                                05 CV 9930 (GEL)

THE CITY OF NEW YORK, ORLANDO RIVERA,
JOHN PARK, MICHAEL CUMMINGS, JOHN DOE
1 (NYPD U/C SHIELD 6216, INTELLIGENCE
BUREAU), JOHN DOES 2-10,

                            Defendants.
------------------------------------------------------------------------ x

       Defendants City of New York ("City") and Detective Michael Cummings, by their attorney, Michael A. Cardozo, Corporation Counsel for the City of New York, for their answer to the Complaint, respectfully allege as follows:

## PRELIMINARY STATEMENT

       1.     Deny the allegations contained in paragraph 1 of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

       2.     Deny the allegations contained in paragraph 2 of the Complaint.

       3.     Deny the allegations contained in paragraph 3 of the Complaint, except admit that plaintiff purports to seek the relief requested in this action as stated therein.

## JURISDICTION

       4.     Deny the allegations contained in paragraph 4 of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court.

5. Deny the allegations set forth in paragraph 5 of the Complaint, except admit that plaintiff purports to seek declaratory relief in this action as stated therein.

6. Deny the allegations set forth in paragraph 6 of the Complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of this Court.

## **VENUE**

7. Deny the allegations contained in paragraph 7 of the Complaint, except admit that plaintiff purports to lay venue in this District.

## **JURY TRIAL DEMANDED**

8. No response is required to plaintiff's jury demand as set forth in paragraph 8 of the Complaint.

## **PARTIES**

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Deny the allegations set forth in Paragraph 10 of the Complaint, except admit that the City of New York is a municipal corporation duly organized and operating under the laws of the State of New York and respectfully refer the Court to the appropriate enabling statute and the related laws of the State and City of New York for their content and meaning as to its responsibilities.

11. Deny the allegations set forth in paragraph 11 of the Complaint, except admit that on August 29, 2004, Police Officer Orlando Rivera was employed by the New York Police Department ("NYPD").

12. Deny the allegations set forth in paragraph 12 of the Complaint, except admit that on August 29, 2004, Police Officer John Park was employed by the NYPD.

13. Deny the allegations set forth in paragraph 13 of the Complaint, except admit that on August 29, 2004, Detective Michael Cummings was employed by the NYPD.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, except admit that on August 29, 2004, defendants Rivera, Park and Cummings were employed by the NYPD.

17. The allegations contained in paragraph 17 of the Complaint constitute legal conclusions to which no response is required.

18. The allegations contained in paragraph 18 of the Complaint constitute legal conclusions to which no response is required.

19. Deny the allegations set forth in paragraph 19 of the Complaint.

**STATEMENT OF FACTS**

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint., except admit that on August 29, 2004, plaintiff verbally protested what she alleges to have been police violence.

23. Deny the allegations set forth in paragraph 23 of the Complaint.

24. Deny the allegations set forth in paragraph 24 of the Complaint.

25. Deny the allegations set forth in paragraph 25 of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint, except admit that plaintiff was handcuffed incident to her arrest on August 29, 2004.

27. Deny the allegations set forth in paragraph 27 of the Complaint.

28. Deny the allegations set forth in paragraph 28 of the Complaint.

29. Deny the allegations set forth in paragraph 29 of the Complaint.

30. Deny the allegations set forth in paragraph 30 of the Complaint, except admit that plaintiff was transported to Pier 57 after her arrest.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint, except admit that at some point after her detention at Pier 57, plaintiff was transported to Central Booking.

32. Admit the allegations set forth in paragraph 32 of the Complaint.

33. Deny the allegations set forth in paragraph 33 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff pleaded not guilty to all charges at her arraignment.

34. Deny the allegations set forth in paragraph 34 of the Complaint, except admit that plaintiff was indicted by a grand jury on the charges set forth therein.

35. Deny the allegations set forth in paragraph 35 of the Complaint, except admit that plaintiff pleaded not guilty, at her arraignment after indictment, to the charges set forth in paragraph 34 of the Complaint.

36. Deny the allegations set forth in paragraph 36 of the Complaint, except admit that charges against plaintiff were eventually dismissed.

37. Deny the allegations set forth in paragraph 37 of the Complaint.

38. Deny the allegations set forth in paragraph 38 of the Complaint.

## **FEDERAL CLAIMS**

39. Repeat and reallege their responses to paragraphs 1-38 of the Complaint as if fully set forth herein.

40. Deny the allegations set forth in paragraph 40 of the Complaint.

41. Deny the allegations set forth in paragraph 41 of the Complaint.

## **STATE CLAIMS**

42. Repeat and reallege their responses to paragraphs 1-41 of the Complaint as if fully set forth herein.

43. Deny the allegations set forth in paragraph 43 of the Complaint.

44. Deny the allegations set forth in paragraph 44 of the Complaint.

45. Deny the allegations set forth in paragraph 45 of the Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint, except admit that on or about November

19, 2004, a document purporting to be a Notice of Claim was received by the Comptroller's Office, and that this claim has not been settled.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

47. The Complaint fails in whole or in part to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

48. There was probable cause for plaintiff's arrest, detention, and/or prosecution.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

49. Any and all injuries alleged in the Complaint were caused, in whole or in part, by the culpable, negligent, or intervening conduct of plaintiff and/or third parties, and were not the proximate result of any act of defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

50. This action is barred in whole or in part by the doctrines of res judicata and/or estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

51. The individual defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore, are entitled to qualified immunity.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

52.     Punitive damages are not recoverable against the City of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

53.     The amount of punitive damages against non-City defendants, if available, is limited by applicable state and federal constitutional provisions, including due process and other provisions of law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

54.     Defendants have not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

55.     At all times relevant to the acts alleged in the complaint, the individual defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

56.     At all times relevant to the acts alleged in the complaint, the individual defendants acted reasonably in the proper and lawful exercise of their discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

57. To the extent defendants used any force it was reasonable, necessary, and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

58. Plaintiff's claims are barred, in whole or in part, by her contributory or comparative negligence and assumption of risk.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

59. Plaintiff's claims are barred, in part, by her failure to comply with the conditions precedent to suit including, but not limited to, New York General Municipal Law §50-e and §50-i.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

60. Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

WHEREFORE, defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           March 27, 2006

                                        MICHAEL A. CARDOZO
                                      Corporation Counsel of the City of New York
                                      *Attorney for Defendants*
                                        100 Church Street, Room 3-132
                                        New York, New York 10007
                                        (212) 788-1817

                                By:             /S/
                                        Fred M. Weiler (FW 5864)
                                        Assistant Corporation Counsel

TO:

David Milton, Esq. (via ECF)
Moore & Goodman LLP
99 Park Avenue, Ste. 1600
New York, New York 10016
*Attorney for Plaintiff*