**JEFFREY E. FOGEL**
ATTORNEY AT LAW

215 SPRUCE STREET
CHARLOTTESVILLE, VA 22902

212-608-5517
FAX 434-295-6594

MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/13/07

July 9, 2007

Hon. James C. Francis IV
United States Magistrate Judge
500 Pearl Street, Room 1960
New York, NY 10007-1212

LEAD CASE 04 CIV 7422 (KMK) (JCF)

Re: Banno v. City of New York, et al.
06 CV 2270 (KMK)

Sit in both

Rechtschaffer, 05 Civ. 9930 (KMK)

Dear Judge Francis:

I write to request relief with respect to a deposition scheduled (and "so ordered") for July 19, 2007. The deponent is one of the named defendants, John Doe Badge Number 6216. The defendants have refused to provide his name.

Mr. Mirro advised me today that defendant will only appear at the offices of the Corporation Counsel for this deposition and that he will appear behind "a screen." While I don't think that deponent's counsel should be able to dictate the location of the deposition, I am less concerned by that than by the inability to see the deponent and gauge his credibility in the same way that a jury would be able to make that same judgment. Indeed, there is no indication that this officer appeared at the grand jury behind a screen or in disguise, nor that the grand jury proceedings were held at 100 Church Street.

While I recognize that this officer works under cover for the intelligence division, he is a key component to this case, as the only person to identify the plaintiff as having started the fire for which he was charged. He was the principal witness before the grand jury and the only one to have asserted that plaintiff engaged in any criminal conduct. He was to be the chief witness for the district attorney until he concluded that my client could not have started the fire in question. His credibility is crucial. It is impossible to truly judge someone's credibility without being able to look at him, his facial posture and gestures as well as his body movements. Part of the purpose of a deposition is to gauge how the deponent will appear as a witness in front of a jury.

The morning of the deposition of another defendant, John Park, Mr. Mirro called to advise me that he would only appear at the law department and that Officer Park would be in disguise as he was now involved in some kind of under cover work. Mr. Mirro knew, and I reminded him, that I had glossy color photos of

Hon. James C. Francis IV
July 9, 2007
-page 2-

Officer Park and there was no need for a disguise. He refused to proceed otherwise and so we proceeded with the deposition rather than have it delayed further. Officer Park appeared in a wig, with large sunglasses and a baseball cap. Notwithstanding the fact that there was no discussion of Park's under cover work, Mr. Mirro designated the deposition as confidential.

Badge 6216 can come to the deposition in disguise. I request that an order be entered that he be deposed where noticed by plaintiff's counsel and without disguise in a manner that counsel can clearly see him and his face. None of the plaintiffs will be there and I am prepared to maintain, at least for now, the confidentiality of the officer's appearance.

Respectfully submitted,

Jeffrey E. Fogel

cc: James Mirro, Esq. (By Fax: (212) 788-9776)
    Rachel M. Kleinman, Esq.
    Jason J. Rozger, Esq.

7/13/07

The deposition of the undercover shall be conducted at the offices of Corporation Counsel. No one other than counsel shall attend. The undercover need not reveal his identity, but he shall otherwise be deposed in the normal manner, without a screen or disguise.

SO ORDERED.

James C. Francis IV
USMJ