UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
JESSICA RECHTSCHAFFER,

                Plaintiff,                            **ANSWER TO FIRST**
                                                              **AMENDED COMPLAINT**

        -versus-                                    05 CV 9930 (RJS)(JCF)

THE CITY OF NEW YORK, a municipal entity;
MICHAEL BLOOMBERG, Mayor of the City of New
York; RAYMOND KELLY, New York City Police
Commissioner; STEPHEN HAMMERMAN, Deputy
Commissioner for Legal Matters; THOMAS DOEPFNER,
Assistant Deputy Commissioner for Legal Matters,
New York City Police Department; NYPD Special Counsel
RUBY MARIN-JORDAN; JOSEPH ESPOSITO, Chief of
Department, New York City Police Department; THOMAS
GRAHAM, Commander, Disorders Control Unit, New
York City Police Department; JOHN J. COLGAN, Assistant
Chief and Commanding Officer, Pier 57;  ORLANDO
RIVERA, New York City Police Officer, Shield No. 25912;
JOHN PARK, New York City Police Officer, Shield No 20166;
MICHAEL CUMMINGS, Det. Shield No. 254, New York City
Police Officer; JOHN DOE 1, New York City Police Officer
U/C Shield 6216, Intelligence Bureau, Special Services Unit;
JOHN DOES 2-10, New York City Police Officers,
Supervisors, and/or Commanders; individually and in their
official capacity,

                              Defendants.
------------------------------------------------------------------------ x

        Defendants City of New York ("City"), Mayor Michael Bloomberg, Raymond Kelly, Stephen Hammerman, Joseph Esposito, Thomas Graham, John J. Colgan, PO Orlando Rivera, PO John Park, U/C 6216, and Detective Michael Cummings, by their attorney, Michael A. Cardozo, Corporation Counsel for the City of New York, for their answer to the First Amended Complaint, respectfully allege as follows:

## PRELIMINARY STATEMENT

1. Deny the allegations contained in paragraph 1 of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

2. Deny the allegations contained in paragraph 2 of the Complaint.

3. Deny the allegations contained in paragraph 3 of the Complaint.

4. Deny the allegations contained in paragraph 4 of the Complaint, except admit that plaintiff purports to bring certain claims as stated therein.

5. Deny the allegations contained in paragraph 5 of the Complaint, except admit that plaintiff purports to seek the relief requested in this action as stated therein.

## JURISDICTION

6. Deny the allegations contained in paragraph 6 of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court.

7. Deny the allegations set forth in paragraph 7 of the Complaint, except admit that plaintiff purports to seek declaratory relief in this action as stated therein.

8. Deny the allegations set forth in paragraph 8 of the Complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of this Court.

## VENUE

9. Deny the allegations contained in paragraph 9 of the Complaint, except admit that plaintiff purports to lay venue in this District.

## JURY TRIAL DEMANDED

10. No response is required to plaintiff's jury demand as set forth in paragraph 10 of the Complaint.

## PARTIES

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12. Deny the allegations set forth in Paragraph 12 of the Complaint, except admit that the City of New York is a municipal corporation duly organized and operating under the laws of the State of New York and respectfully refer the Court to the appropriate enabling statute and the related laws of the State and City of New York for their content and meaning as to its responsibilities.

13. Deny the allegations set forth in paragraph 13 of the Complaint, except admit that on August 29, 2004, Michael Bloomberg was Mayor of the City of New York.

14. Deny the allegations set forth in paragraph 14 of the Complaint, except admit that on August 29, 2004, Raymond Kelly was Police Commissioner for the City of New York.

15. Deny the allegations set forth in paragraph 15 of the Complaint, except admit that on August 29, 2004, Stephen Hammerman was the NYPD's Deputy Commissioner for Legal Matters.

16. Deny the allegations set forth in paragraph 16 of the Complaint, except admit that on August 29, 2004, Thomas Doepfner was the NYPD's Assistant Deputy Commissioner for Legal Matters.

17.    Deny the allegations set forth in paragraph 17 of the Complaint, except admit that on August 29, 2004, Ruby Marin-Jordan was Senior Counsel in the NYPD's Legal Bureau.

18.    Deny the allegations set forth in paragraph 18 of the Complaint, except admit that on August 29, 2004, Joseph Esposito was Chief of Department of the NYPD.

19.    Deny the allegations set forth in paragraph 19 of the Complaint, except admit that on August 29, 2004, Thomas Graham was commanding officer of the NYPD's Disorder Control Unit.

20.    Deny the allegations set forth in paragraph 20 of the Complaint, except admit that on August 29, 2004, John J. Colgan was an NYPD Deputy Chief who supervised certain NYPD operations at Pier 57.

21.    Deny the allegations set forth in paragraph 21 of the Complaint.

22.    Deny the allegations set forth in paragraph 22 of the Complaint, except admit that on August 29, 2004, Police Officer Orlando Rivera was employed by the NYPD.

23.    Deny the allegations set forth in paragraph 23 of the Complaint, except admit that on August 29, 2004, Police Officer John Park was employed by the NYPD.

24.    Deny the allegations set forth in paragraph 24 of the Complaint, except admit that on August 29, 2004, Detective Michael Cummings was employed by the NYPD.

25.    Deny the allegations set forth in paragraph 25 of the Complaint, except admit that on August 29, 2004, U/C Shield 6216 was employed by the NYPD.

26.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint, except admit that on August 29, 2004,

defendant Bloomberg was Mayor of the City of New York, and that defendants Kelly, Hammerman, Doepfner, Marin-Jordan, Esposito, Graham, Colgan, Rivera, Park, Cummings, and U/C Shield 6216 were employed by the NYPD.

28. The allegations contained in paragraph 28 of the Complaint constitute legal conclusions to which no response is required.

29. The allegations contained in paragraph 29 of the Complaint constitute legal conclusions to which no response is required.

30. Deny the allegations set forth in paragraph 30 of the Complaint.

## FACTS APPLICABLE TO ALL CLAIMS

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint, except admit that on August 29, 2004, plaintiff verbally protested what she claims to have been police violence.

34. Deny the allegations set forth in paragraph 34 of the Complaint.

35. Deny the allegations set forth in paragraph 35 of the Complaint.

36. Deny the allegations set forth in paragraph 36 of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint, except admit that plaintiff was handcuffed incident to her arrest on August 29, 2004.

38. Deny the allegations set forth in paragraph 38 of the Complaint.

39. Deny the allegations set forth in paragraph 39 of the Complaint.

40. Deny the allegations set forth in paragraph 40 of the Complaint.

41. Deny the allegations set forth in paragraph 41 of the Complaint, except admit that plaintiff was transported to Pier 57 after her arrest.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint, except admit that at some point after her detention at Pier 57, plaintiff was transported to Central Booking.

43. Deny the allegations set forth in paragraph 43 of the Complaint, except admit that while plaintiff was in custody, NYPD detectives visited her apartment and workplace to speak with certain individuals.

44. Deny the allegations set forth in paragraph 44 of the Complaint, except admit that plaintiff was fingerprinted while in custody.

45. Admit the allegations set forth in paragraph 45 of the Complaint.

46. Deny the allegations set forth in paragraph 46 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff pleaded not guilty to all charges at her arraignment.

47. Deny the allegations set forth in paragraph 47 of the Complaint, except admit that plaintiff was indicted by a grand jury on the charges set forth therein.

48. Deny the allegations set forth in paragraph 48 of the Complaint, except admit that plaintiff pleaded not guilty, at her arraignment after indictment, to the charges set forth in paragraph 47 of the Complaint.

49. Deny the allegations set forth in paragraph 49 of the Complaint, except admit that charges against plaintiff were eventually dismissed.

50. Deny the allegations set forth in paragraph 50 of the Complaint.

51. Deny the allegations set forth in paragraph 51 of the Complaint.

52. Deny the allegations set forth in paragraph 52 of the Complaint.

53. Deny the allegations set forth in paragraph 53 of the Complaint.

54. Deny the allegations set forth in paragraph 54 of the Complaint.

55. Deny the allegations set forth in paragraph 55 of the Complaint.

## FEDERAL CLAIMS

56. Repeat and reallege their responses to paragraphs 1-55 of the Complaint as if fully set forth herein.

57. Deny the allegations set forth in paragraph 57 of the Complaint.

58. Deny the allegations set forth in paragraph 58 of the Complaint.

## STATE CLAIMS

**(Asserted Against Defendants City of New York, Orlando Rivera, John Park, Michael Cummings, U/C 6216, and John Does 1-10)**

59. Repeat and reallege their responses to paragraphs 1-58 of the Complaint as if fully set forth herein.

60. Deny the allegations set forth in paragraph 60 of the Complaint.

61. Deny the allegations set forth in paragraph 61 of the Complaint.

62. Deny the allegations set forth in paragraph 62 of the Complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Complaint, except admit that on or about November 19, 2004, a document purporting to be a Notice of Claim was received by the Comptroller's Office, and that this claim has not been settled.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

64. The Complaint fails in whole or in part to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

65. Process and service of process upon one or more of the defendants was insufficient.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

66. The Court lacks personal jurisdiction over one or more of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

67. There was probable cause for plaintiff's arrest, detention, and/or prosecution.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

68. Any and all injuries alleged in the Complaint were caused, in whole or in part, by the culpable, negligent, or intervening conduct of plaintiff and/or third parties, and were not the proximate result of any act of defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

69. Plaintiff's claims are barred in whole or in part by the doctrines of res judicata and/or estoppel.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

70. Plaintiff's claims are barred in whole or in part by the doctrines of laches and waiver.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

71. The individual defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore, are entitled to qualified immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

72. Punitive damages are not recoverable against the City of New York.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

73. The amount of punitive damages against non-City defendants, if available, is limited by applicable state and federal constitutional provisions, including due process and other provisions of law.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

74. Defendants have not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

75. At all times relevant to the acts alleged in the complaint, the individual defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

76. At all times relevant to the acts alleged in the complaint, the individual defendants acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City is entitled to governmental immunity from liability.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

77. To the extent defendants used any force it was reasonable, necessary, and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

78. Plaintiff's claims are barred in whole or in part by her contributory or comparative negligence and assumption of risk.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

79. Plaintiff's claims are barred in whole or in part by the doctrine of absolute immunity.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

80. Plaintiff failed to mitigate her damages.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

81. Plaintiff consented to the acts about which she complains.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

82.     Plaintiff lacks standing to demand declaratory or injunctive relief.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

83.     Plaintiff's claims are barred, in part, by her failure to comply with the conditions precedent to suit including, but not limited to, New York General Municipal Law §50-e and §50-i.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

84.     Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

WHEREFORE, defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            March 17, 2008

        MICHAEL A. CARDOZO
        Corporation Counsel of the City of New York
        *Attorney for Defendants*
        100 Church Street, Room 3-132
        New York, New York 10007
        (212) 788-1817

By: _____
        Fred M. Weiler (FW 5864)
        Assistant Corporation Counsel

TO:
Rachel Kleinman, Esq. (via ECF)
Beldock, Levine & Hoffman LLP
*Attorneys for Plaintiff*
99 Park Avenue
New York, New York 10016