UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JESSICA RECHTSCHAFFER,

                                                                                         05-CV-9930 (RJS) (JCF)

                               Plaintiff,           ECF Case

        -against-

THE CITY OF NEW YORK, a municipal entity, et al.,

                             Defendants.
------------------------------------------------------------------x

**PLAINTIFF'S OBJECTIONS, PURSUANT TO FED. R. CIV. P. 72
TO MAGISTRATE JUDGE FRANCIS' MARCH 21, 2008 ORDER
DISMISSING PLAINTIFF'S CLAIMS FOR EMOTIONAL DISTRESS**

Plaintiff was arrested on August 29, 2004 on 34th Street between 6th and 7th Avenues in Manhattan, while participating in a peaceful protest during the Republican National Convention ("RNC"). She is asserting violations of her rights under the First, Fourth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, as well as numerous state law claims.

## PROCEDURAL HISTORY

On January 22, 2008 Assistant Corporation Counsel Randall Elfenbein moved to dismiss plaintiff's emotional distress claims. On February 26, 2008, the undersigned opposed defendants' application. On March 21, 2008, the defendants' motion to dismiss plaintiff Rechtschaffer's emotional distress claims was granted.[1] *See* March 21, 2008 order, Exhibit A. Plaintiff now appeals from that decision.

## STANDARD OF REVIEW

Because the sanction imposed by Magistrate Judge Francis was dispositive of the plaintiff's mental and emotional distress claims, Fed. R. Civ. P. 72(b) requires this Court to review the March 21, 2008 Order *de novo*. *See Cohen v. City of New York, et al.*, 2007 WL 2789272, at *2-3 (S.D.N.Y. September 25, 2007) (Karas, J.).

## ARGUMENT

The objections now before the Court present exactly the same issues as prior Rule 72 motion decided by Judge Karas in this case. Plaintiff Rechtschaffer incorporates by reference the

---

[1] We note that while defendants refer to plaintiff's allegations that she suffered from emotional distress as a "claim," these allegations in fact relate to a category of special damages and not a legal claim for relief. Therefore in dismissing plaintiff's allegations that she suffered from emotional distress, Judge Francis did not actually dismiss any of plaintiff's claims but instead limited her ability to collect special damages. Moreover, plaintiff's right to recover general damages for the violation of her civil rights is not affected by Judge Francis' order.

arguments made therein, as set forth in Exhibit B.

Plaintiff emphasizes that she does not claim any actual psychological injury or diagnosable mental condition caused by defendants' conduct; her mental suffering and emotional distress claims cover a period of limited duration, primarily occurring during the time of her arrest and incarceration. Furthermore, plaintiff Rechstschaffer will not offer any evidence at trial from a treating mental health provider or an expert.

In our view, the reasoning in *Kerman v. The City of New York*, 374 F.3d 93, 125 (2d Cir. 2004), leads to the conclusion that a plaintiff need not produce treatment records in the circumstances presented here. *Kerman* held that, upon proof of a false imprisonment, a plaintiff was entitled to general damages for the "time lost by the plaintiff during the period of detention and any mental suffering or humiliation sustained in consequence of the arrest or restraint." *Kerman*, 374 F.3d at 130-31, *quoting* McCormick, Handbook on the Law of Damages, § 107 at 375-76. Because they are general damages, those damages need not be pleaded and proved, but rather "'may be inferred from the circumstances of the arrest or imprisonment. . . .'" *Id.* at 125. What that means is that in every false arrest and imprisonment case, plaintiffs have a right to recover damages for ordinary emotional distress, whether they plead it or not. Further, it follows that plaintiffs would have the right to describe that "mental suffering or humiliation sustained in consequence of the arrest" without waiving the psychotherapist-patient privilege attaching to records of treatment pre-dating the arrest and unrelated to it.

Since the prior briefing of this issue in this case, wherein plaintiffs relied upon *Greenberg v. Smolka*, 2006 WL 1116521 (S.D.N.Y. April 27, 2006), other decisions in this district have come to the same conclusion. In *Kunstler v. The City of New York*, 242 F.R.D. 261,(S.D.N.Y.

3

2007), plaintiffs resisted turning over psychological records concerning "an emotional injury that a well-adjusted person could be expected to suffer in like circumstances, a so called 'garden variety' distress claim," distinguishing such a claim from one for "a serious psychological injury." *Id.* at 264. That is exactly the kind of emotional injury that Ms. Rechtschaffer is claiming. The Court, upholding Magistrate Judge Dolinger's Memorandum and Order, held that the defendants had not established the justification for turning over sensitive psychological information. Judge Dolinger's nuanced and careful analysis of the requirements for waiver, particularly after the psychotherapist privilege enunciated in *Jaffe,* represents the appropriate view of the issue and the authorities. The reasoning and the determination of fairness set forth in *Hearn v. Rhay, 68 F.R.D. 574, 581 (E.D. Wash. 1975),* as cited by Judge Dolinger and the Court of Appeals for the Second Circuit in *United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991),* is compelling..

In this case, disclosure of plaintiff's mental health records not only would cause plaintiff extreme anguish, but – by revealing to her the contents of her therapist's private notes – would threaten her ability to continue seeking treatment for personal problems wholly unrelated to the distress she suffered because of defendant's misconduct. Such a result is patently unjust, and fortunately not required by any fair assessment of the law and its application to this case.

If this Court were to affirm Magistrate Judge Francis' decision dismissing plaintiff's mental and emotional distress damages claims, plaintiff would respectfully request certification of the issue to the Second Circuit. The case for certification is a strong one since, even if plaintiff was to prevail at trial, she would be entitled to appeal the elimination from her case of that part of her damage claims. If the appeals court then ruled in her favor on the waiver issue,

plaintiff would be entitled to a new trial. In light of the fact that the Court of Appeals will likely hear the issue now before this Court – either before trial or after – it would serve judicial economy and the efficient adjudication of the many RNC cases in which this issue has arisen, to have the Court of Appeals resolve the issue *before*.

DATED:   New York, New York
         March 31, 2008

Respectfully submitted,
BELDOCK LEVINE & HOFFMAN LLP

By: _____
Jonathan C. Moore
Rachel M. Kleinman
99 Park Avenue - Suite 1600
New York, New York  10016
(212) 490-0400