

<table>
<tr><td>MICHAEL A. CARDOZO<br><i>Corporation Counsel</i></td><td> THE CITY OF NEW YORK<br><b>LAW DEPARTMENT</b><br>100 CHURCH STREET<br>NEW YORK, NY 10007 </td><td><b>Randall M. Elfenbein</b><br><i>Special Assistant Corporation Counsel</i><br>relfenbe@law.nyc.gov<br>Tel: (212) 374-3427<br>Fax: (212) 788-9776</td></tr>
</table>

August 7, 2008

***BY FACSIMILE***

Hon. James C. Francis IV, U.S.M.J.
Daniel Patrick Moynihan
   United States Courthouse
500 Pearl Street - Room 1960
New York, New York 10007-1312

Re:   ***Rechtschaffer v City of New York***, 05 CV 9930 (RJS)(JCF)

Dear Judge Francis:

Defendants respectfully request that the Court enter an Order permitting defendants to conduct the depositions of non-party witnesses, Sheila Rechtschaffer, Jeanne Stoll, Nicole Griggs, Marisol Ruiz, Brad Crutchfield, and Todd Eaton,[1] who plaintiff Jessica Rechtschaffer ("Plaintiff") expects to rely upon at trial or on dispositive motions. Your Honor previously endorsed defendants' application to take the depositions of those non-party witnesses that were consented to by the parties in the consolidated actions. (See Endorsed Letter from Tonya Jenerette, dated July 11, 1008). This application concerns the depositions of non-party witnesses where Plaintiff has refused to consent to some or all of the depositions.

Plaintiff first disclosed her intention to rely upon the non-party witnesses at issue in a letter dated April 4, 2008. [A copy of Plaintiff's April 4, 2008 e-mail is annexed hereto as Exhibit A]. Defendants conferred with Plaintiff's counsel in an effort to secure consent to proceed with the depositions of these witnesses. However, Plaintiff refused consent on the grounds that defendants' request is untimely and that some of the witnesses were previously disclosed in various discovery documents or referenced in one of hundreds of volumes of deposition transcripts.

---

[1] With the exception of Todd Eaton, these are the witnesses identified by Plaintiffs as being reasonably expected to rely on at trial. Plaintiff also identified Jessica Lee, Matthew Roberts, Charles Overbeck, and Kerry Burke, but has consented to their depositions.

Hon. James C. Francis IV, U.S.M.J.
August 7, 2008
Page 2 of 3

This case has required more detailed and strategic discovery, as the nature of this case (and the factually interrelated *Banno* and *Smith* cases) is *sui generis* in the RNC litigation, as Plaintiff was charged with felonies in connection with an intentional blaze set to a dragon float in front of Madison Square Garden during the United for Justice and Peace march on August 29, 2004.

Taking the testimony of those witnesses is critical to defendants' ability to effectively prepare for trial and craft dispositive motions. For example, Plaintiff has stated that non-party Sheilah Rechtschaffer has knowledge of the circumstances of the police investigation and Plaintiff's claims for emotional distress.    Non-party witnesses Nicole Griggs and Brad Crutchfield were interviewed by police investigators. Through counsel, Plaintiff has expressed outrage that she was investigated at all.  Non-party witnesses Todd Eaton and Marisol Ruiz were with Plaintiff during the march up to her arrest.  Jeanne Stoll saw Plaintiff in police custody. The latter witness is important, because Plaintiff claims that she was injured during her arrest, sustaining a wound to her face.

Without this testimony, defendants will be subject to ambush at trial or on summary judgment, a result which is highly prejudicial to defendants and does not serve justice.  For these and the additional reasons set forth below, defendants respectfully request that the Court permit defendants to subpoena the following witnesses to appear for deposition:

- Sheila Rechtschaffer
- Jeanne Stoll
- Nicole Griggs
- Marisol Ruiz
- Brad Crutchfield
- Todd Eaton

I.    *Defendants Learned for the First Time That Plaintiff Would Rely*
     *On These Non-Party Witnesses At Trial By Letter dated April 4, 2008*

The witnesses defendants seek to depose were identified for the first time in the April 4, 2008 letter.  Plaintiff claims that defendants should have deposed these witnesses earlier in discovery when their names were disclosed in discovery materials such as deposition transcripts and interrogatory responses.   However, reliance on Plaintiff's interrogatory responses or deposition testimony would have required defendants to speculate, possibly to their detriment, about which witnesses Plaintiff would likely call at trial or rely upon for summary judgment motions.  It would have made no sense to depose hundreds of non-parties mentioned in vague interrogatory responses or by passing reference in party depositions in the consolidated actions without first determining (1) what information the witness possessed and (2) whether plaintiffs intended to rely upon that information at trial or on summary judgment.

Moreover, as Your Honor is aware, from July, 2007 through January, 2008, defendants were ordered to take approximately 500 plaintiff depositions while simultaneously producing

Hon. James C. Francis IV, U.S.M.J.
August 7, 2008
Page 3 of 3

and defending approximately 300 NYPD witnesses. Defendants were thus engaged in more than five party depositions per day for months, which is many more than any single plaintiffs' counsel was ever required to do on any given day. Thus plaintiffs' suggestion that defendants should have deposed hundreds of additional non-party witnesses – most of whom were not yet identified - during that time is simply unreasonable. Defendants had neither the time nor the personnel to take the depositions of non-party witnesses during that period. The timing of defendants' request is, therefore, necessitated by the party deposition schedule.

## II.    *Defendants Will Be Severely Prejudiced If Their Application Is Denied*

Plaintiff will not suffer any prejudice if this Court grants Defendants' application because discovery in these litigations is still proceeding on several tracks. For example, as a result of recent orders concerning failure to provide discovery, a number of plaintiffs have been scheduled for additional deposition testimony; discovery concerning intelligence issues is still ongoing; plaintiffs have stated their intent to recall witnesses after the Court's ruling on the deliberative process privilege; and the parties have yet to commence expert discovery in any of these cases, including the depositions of medical providers. Defendants anticipate that the depositions will be short in duration, with several occurring per day. For these reasons, the depositions requested here will not unduly prolong fact discovery nor prejudice plaintiffs in any material respect.

Any potential prejudice to Plaintiff is minimal compared to the severe prejudice that defendants will suffer if the application is denied. The prejudice to defendants is magnified here because the depositions of likely trial witnesses are at issue. Plaintiff has reserved their rights to call any one of the non-party witnesses whose testimony is sought here at trial or to rely upon their testimony in support of a motion for summary judgment. Defendants need to know the content of their testimony prior to trial or the filing of dispositive motions. Without that information, defendants are subject to ambush at trial, which is highly prejudicial to defendants, contrary to federal practice and a result that does not serve justice. *See generally, Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006).

## III.    *Relief Requested*

For the reasons set forth above defendants respectfully request that this Court permit defendants to proceed with taking the depositions of the non-party witnesses set forth above. The depositions shall be completed within sixty (60) days of the date of entry of this Order.

Respectfully submitted,

Randall M. Elfenbein

cc:    Rachel Kleinman, Esq.
       Beldock, Levine & Hoffman LLP
       (via e-mail)

# Exhibit A

# BELDOCK LEVINE & HOFFMAN LLP

## 99 PARK AVENUE

### NEW YORK, N.Y. 10016-1503

ELLIOT L. HOFFMAN
MYRON BELDOCK
BRUCE E. TRAUNER
PETER S. MATORIN
KATHERINE G. THOMPSON
ROBERT L. HERBST
CYNTHIA ROLLINGS
JONATHAN MOORE
KAREN L. DIPPOLD
JEFFREY A. GREENBERG
JONATHAN K. POLLACK
VERA M. SCANLON

TEL: (212) 490-0400
FAX: (212) 557-0565
WEBSITE: blhny.com

LAWRENCE S. LEVINE (1934-2004)

SPECIAL COUNSEL
MARJORY D. FIELDS

COUNSEL
MELVIN L. WULF

April 4, 2008

REF:

WRITER'S DIRECT DIAL:

**VIA EMAIL**

Fred Weiler, Esq.
Assistant Corporation Counsel
Law Department of the City of New York
100 Church Street
New York, New York 10007

Re:    Rechtschaffer v. City of New York, et al.,
       05-CV-9930 (RJS) (JCF)

Dear Fred:

Barring the identification of any additional witnesses during discovery and/or depositions which is ongoing, the following is the list of the non-party non-deposed witnesses upon whom plaintiff reasonably intends to rely at trial:

| | |
|---|---|
| Sheilah Rechtschaffer | Kerry Burke |
| Jessica Lee | Charles Overbeck |
| Matthew Roberts | Jeanne Stoll |
| Nicole Griggs | Brad Crutchfield |
| Marisol Ruiz | |

Plaintiff reserves the right to revise, supplement or shorten this list at the time of the joint pre-trial order. Plaintiff also reserves the right to call at trial any non-party, non-deposed witness identified by any of the other RNC plaintiffs' counsel or by defense counsel pursuant to Judge Francis's March 19 and March 26, 2008 Orders.

Very truly yours,

Rachel Kleinman